Suzanne Cunningham et al., Petitioners v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondents.

Argued December 6, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Thomas W. Jennings,* with him *Leonard M. Sagot,* and, of counsel, *Sagot & Jennings,* for appellants.

*Michael D. Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 24, 1979:

Suzanne Cunningham (appellant), a provisional teacher, appeals here with other similarly situated claimants[1] from the denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the basis that she and

---

[1] This is a test case to determine the eligibility for unemployment compensation benefits of similarly situated claimants, members of the American Federation of Teachers who were provisional teachers for the Philadelphia Board of Education. It was consolidated for purposes of argument and briefing with the appeals of similarly situated nontenured teachers in *Ortiz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979).

they were not "available for work" within the meaning of Section 401(d) of the Unemployment Compensation Law[2] (Act). The appeals have been consolidated for purposes of argument and decision by this Court.

The appellant here had been granted unemployment compensation benefits by the Bureau of Employment Security (Bureau) for the period of her unemployment during the summer months of 1975. She had been hired as a provisional teacher by the Philadelphia Board of Education in September of 1974. As such she was required to pass a written and oral examination in order to be placed on the "eligibility" list for the relevant position, so as to receive nontenured teacher status within the school district, taking the necessary written examination in May of 1975, prior to the end of that school year. She was notified, however, on August 1, 1975, that she had failed the examination. The record indicates that she was aware that the continuation of her employment in the next school year was contingent upon her passing the examination although she was advised that she could apply for a substitute teacher position which she did. In early September of 1975 she was informed that, upon a re-evaluation of her examination it was determined that she had actually passed, and on the day before the commencement of the fall term, she was told that she could return to work, which she did. The referee had approved the Bureau's grant of unemployment compensation benefits for the summer months on the basis that she had had no commitment when the school term ended in May, either oral or written, that she could resume her employment in the fall and that she was at that time able and available

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d).

therefore for employment. The Board reversed and this appeal followed.

This Court has previously held that school employes are ineligible for unemployment compensation benefits during the summer months between school terms because they are not then available for work without limitation, and, inasmuch as they have some expectation of returning to work in the fall, they are not genuinely and realistically attached to the labor market. *Davis v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 233, 394 A.2d 1320 (1978); *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977); *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975).

Citing these cases, the Board argues here that the intent of the Legislature was not to grant unemployment compensation benefits in a situation such as this, where, but for an error on the part of the employer, the appellant would have had every reason to expect to work at the commencement of the next school year. We find this reasoning to be unpersuasive. Both the referee and the Board found as fact that the appellant had no commitment when she left her work in May that she could return to it in September, and we agree that she did not, therefore, have any reasonable expectation that she would return to work. We believe that this case is clearly distinguishable from *Chickey, supra,* and its progeny.

The order of the Board is, therefore, reversed and this matter is remanded for the award and computation of benefits.

ORDER

AND Now, this 24th day of April, 1979, the order of the Board in the above-captioned matter is, there-

fore, reversed and this matter is remanded for the computation of benefits.