Catherine R. Ortiz et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Barbara Schneyer et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 6, 1978, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*Thomas W. Jennings,* with him *Leonard M. Sagot,* and, of counsel, *Sagot & Jennings,* for appellants.

*Michael D. Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 24, 1979:

The appeals of Barbara Schneyer, Catherine Ortiz and other similarly situated nontenured teachers[1] from the denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) have been consolidated for purposes of argument and decision by this Court. Ms. Ortiz was denied benefits on the basis that she had a contract to perform services for the upcoming academic year and thus was disqualified under Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974,[2] and both Ms. Schneyer and Ms. Ortiz were found to be unavailable for work without limitation in accordance with Section 401(d) of the Unemployment Compensation Law[3] (Act).

Both appellant-Schneyer and appellant-Ortiz were full-time nontenured teachers who had been employed for one year by the Philadelphia School District. In Ms. Schneyer's case, the Philadelphia School Board advised her in April that, because of the reduction in student enrollment and her related lack of seniority, she would be reassigned in June to another school for the following term. She subsequently received a sec-

---

[1] These are test cases to determine the eligibility for unemployment compensation benefits of similarly situated claimants, members of the American Federation of Teachers who were temporary professional employees as teachers with the Philadelphia School District Board of Education and who became unemployed on or about June 22, 1976 in the case of Barbara Schneyer and on or about June 26, 1975 in the case of Catherine R. Ortiz.

[2] 26 U.S.C. §3304.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

ond letter which indicated that at that time the School Board did not have positions to offer all of the affected teachers but that she should give the school district her summer address so that at a future date she could be contacted for reassignment if sufficient positions became available. In mid-August, approximately one week before school was scheduled to commence, she was instructed to report to the administration building where the school district attempted to match her and other displaced teachers with vacancies. She then did receive a teaching position for the upcoming school year. In the case of Ms. Ortiz, she was advised some time in the spring by the principal at the school where she taught, that due to the decline in student enrollment, it was unknown if she would have a teaching position at that school in the fall, and it was not until the first day of the fall term that it was ascertained she would remain teaching at that school. Both of these appellants applied for Special Unemployment Assistance (SUA) benefits which were denied by the Bureau of Employment Security, the referee and the Board. This appeal followed.

The first issue is whether or not appellant-Schneyer had a contract to return to work and was therefore properly disqualified from receiving unemployment compensation benefits under Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974.[4] This statute provides in pertinent part that benefits are denied to any individual in an instructional capacity between two successive academic years if:

> (1) Such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and

---

[4] 26 U.S.C. §3304.

(2) Such individual has a contract to perform services in any such capacity for any educational institution or agency for the latter of such academic years or terms.[5]

26 U.S.C. §3304.

The term "contract" was not statutorily defined; however, the United States Secretary of Labor in "Unemployment Insurance Program Letters," which were distributed to the states, defined "contract" as used in this section to include "either a verbal, written or implied agreement." "Implied agreement" was defined as follows:

If a teacher . . . has not resigned, has not retired or has not been terminated, there may be an implied continuing contractual relationship.

(Letter No. 29-75).

The Board found that appellant-Schneyer had an implied contract to return to her teaching position inasmuch as her services had not been terminated[6] and she expected to return to her job at the end of the summer if work would then be available. It reasoned that "an implied understanding, a mutual commitment, an implied contract existed between the claimant [appellant] and her employer as to her return in

---

[5] Amendments effective with respect to services performed after December 31, 1977, have changed this language to "if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic terms." *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. at 579 n.3, 387 A.2d at 671 n.3; *Cawley v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 405, 407 n.2, 381 A.2d 1023, 1024 n.2 (1978).

[6] The claimant in *Cawley, supra*, alleged that she had received a letter stating she was not to be employed again in September. Inasmuch as this would be critical evidence on the issue of an implied agreement of continued employment under Section 203(b), we remanded the case.

September of 1976.'' The Board argues here in support of its decision that the case of *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978) should be controlling.

In *Hyduchak, supra,* nontenured public school teachers were denied unemployment compensation benefits during the summer months between school terms on the ground that they had an implied contract to return to their teaching positions in the fall under Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974. The Board found there that the claimants' employment had not been terminated, that they expected to return to their school positions in September and that there was an implied agreement that they would return to their teaching positions. Similarly, in that case none of the claimants had been tenured, none worked under a written contract, and none were officially notified until late in the summer that they were to report to work for the next school term. Each admitted, however, either on her application form or at the referee's hearings that she had some expectation that she would be returning to work. We affirmed the denial of benefits on the basis that the claimants expected to return to work even in the absence of a written contract. This interpretation is in accord with that of other jurisdictions which have held that the word ''contract'' in this Section is not intended to be given a strictly formal construction and that, where a teacher has a reasonable expectation of employment after a summer recess, this will be deemed to satisfy the requirements of a ''contract'' for purposes of Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974. *Williamson v. Mississippi Employment Security Commission,* 347 So. 2d 978 (Miss. 1975). We agree that there is no substantial

difference between this case and *Hyduchak, supra,* and conclude therefore that appellant-Schneyer's expectation of returning to work following her summer recess brings her also within the disqualifying language of Section 205(b) of that Act.

The other issue raised here is whether or not appellants-Schneyer and Ortiz were available for work without limitation in accordance with Section 401(d) of the Unemployment Compensation Law, which provides as follows:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> . . . .
>
> (d)   Is able to work and available for suitable work. . . .

43 P.S. §801(d).

Numerous interpretations of this section by this Court have held that school employees are ineligible for unemployment benefits during the summer months between school terms because they are not then available for suitable work without limitation, and they are not, therefore, actually and permanently at that time attached to the labor force. *See, e.g., Davis v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 233, 394 A.2d 1320 (1978); *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977); *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). We have also previously held, of course, that the question of a claimant's availability for work in an unemployment compensation case is one of fact for the Board. *Calvano v. Unemployment Compensation Board of Review, supra; Unemployment Compensation Board of Review v. Smith,* 25 Pa.

Commonwealth Ct. 471, 360 A.2d 833 (1976), and the relevant facts as found here by the Board were:

[Schneyer] was unemployed because the school was closed for summer vacation.

[Schneyer] expected to return to her school job at the end of the summer if work was available.

Although [Ortiz] had no express or implied contract to return to her former position in September of 1975, she fully expected to return to work in September of 1975 if work was available.

In this case, the record indicates that no nontenured teachers employed by the Philadelphia Board of Education had ever been denied re-employment due to a lack of work and in fact that both appellants Ortiz and Schneyer did return here to teaching positions in the fall. It is true that they were not notified until late in the summer that they were to report for work for the next school term, but we do not see that this makes their position substantially different from that of the claimants in other cases which have been before us, such as in *Hyduchak, supra,* and *Chickey, supra. See Davis v. Unemployment Compensation Board of Review, supra.* The fact that the appellants indicated they would not have returned to their school employment in the fall if they had obtained other employment is not dispositive, for the fact-finding referee apparently believed that they nevertheless expected and intended to return to their school positions, as in *Calvano v. Unemployment Compensation Board of Review, supra.* The status of school employees is unique in unemployment compensation law. *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978). School employees know that they will generally not be working during pre-scheduled vacations and during the sum-

242

mer recess when the schools are closed. *Hyduchak v. Unemployment Compensation Board of Review, supra,* and we will reiterate here that we do not believe that the Legislature ever intended to subsidize summer vacations. *Tokar v. Unemployment Compensation Board of Review, supra.*

We conclude that the Board was correct in denying unemployment compensation benefits to the appellants under Section 401(d) of the Act, and the orders of the Board are, therefore, affirmed.

Judge DISALLE dissents.

ORDER

AND Now, this 24th day of April, 1979, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are hereby affirmed.