Florence H. Ellman, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Florence H. Ellman,* petitioner, for herself.

*Michael D. Klein,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 2, 1979:

Florence H. Ellman (petitioner) appeals from an Unemployment Compensation Board of Review (Board) decision which reversed a referee's decision and denied her benefits.

The petitioner has been a substitute teacher for the Bristol Township School District since February 1974 and she applied for Special Unemployment Assistence (SUA)[1] benefits for the summer recess of 1977. The then Bureau of Employment Security

---

[1] Pursuant to the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note).

(Bureau) denied benefits because it found that she was not available for work pursuant to SUA requirements[2] within the meaning of Section 401(d) of the Unemployment Compensation Law[3] (Act). The referee, however, reversed the Bureau, finding that the petitioner actually was available for work. Both the Bureau and the School District appealed and, after another referee's hearing conducted on behalf of the Board, benefits were once more denied. This appeal followed.

The federal act which authorizes SUA benefits provides in pertinent part that an individual in an instructional capacity is ineligible to receive benefits between two successive years of such employment if:

    (1) Such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and

    (2) Such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms. 26 U.S.C. §3304 (note).

We have previously held that the contract referred to in the statute need not be a formal written contract, but can consist of an implied agreement or mutual commitment between the teacher and the employer. *Ortiz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979). And in the instant case, the referee acting for the Board made the following crucial findings of fact:

---

    [2] The claimant's initial eligibility must be determined by reference to the federal statute. However, the ultimate eligibility for benefits under that act is based on applicable state standards.

    [3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

7. The claimant's name will be on the [substitute] list used by the employer during the 1977-78 school year and will be called when work becomes available.

8. The claimant expects to return to work at the commencement of the next school year.

9. The claimant intends to return to work at the commencement of the next school year.

These findings are, of course, binding on this Court if they are supported by substantial evidence. *Scholtz v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 277, 400 A.2d 700 (1979). And the record indicates that the petitioner herself stated in her application for benefits that she expected to return to work in September 1977; as a matter of fact she indicated in writing to the School District her intention to return. Furthermore, her name appears on the District's substitute list for the 1977-78 school year. In view of this evidence, we believe that the Board was correct in concluding that there was in fact an implied agreement between the petitioner and the School District for her employment during the 1977-78 school year.

We also believe that sufficient evidence existed in the record to justify the Board's conclusion that the petitioner was not available for work within the meaning of Section 401(d) of the Act, 43 P.S. §801(d). We have previously held that school employees are generally not eligible for employment benefits during the summer months because they are not then available for suitable work without limitation and thus are not actually and permanently attached to the labor force. *Davis v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978). The fact that the petitioner indicated that she would accept full time employment is not dispositive of the issue, and the Board apparently chose to

183

rely on her prior statement that she intended to return to school in the fall. The issue of availability is one of fact, *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977), with the burden of proving availability on the claimant.

Because we believe that the Board here did not capriciously disregard competent evidence in making its finding of non-availability, we must sustain it. *Koba v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977).

We therefore affirm the Board's denial of benefits.

ORDER

AND Now, this 2nd day of November, 1979, the order of the Unemployment Compensation Board of Review denying benefits to Florence Ellman is hereby affirmed.