Anne M. Pleskovic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges MEN-CER, BLATT and MacPHAIL, sitting as a panel of three.

No appearance for appellant.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 19, 1979:

Anne M. Pleskovic (claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits pursuant to Section 401(d) of the Unemployment Compensation Law[1] (Act).

The claimant is a substitute school teacher who has been employed by several school districts since February 1974. She applied for benefits at the close of the school term in the summer of 1977 and the Bureau of Employment Security (Bureau) found her ineligible because of the fact that she was not available for work within the meaning of Section 401(d) of the Act, 43 P.S. §801(d). On appeal to the referee the Bureau's determination was affirmed with the modification that the claimant was also ineligible for benefits under Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note).[2] The

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

[2] While the claimant's initial eligibility must be determined by reference to the federal act, the ultimate eligibility for benefits under that act is based on applicable state standards, including those pertaining to a claimant's availability.

Board affirmed the referee's decision and this appeal followed.

The law is clear that school employees who have a reasonable expectation of returning to work at the end of a summer recess are "unavailable for suitable work" under Section 401(d) of the Act and are thus ineligible for benefits absent proof that there is some substantial reason to believe that they will not be recalled at the end of the recess. *See Sude v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 533, 402 A.2d 1122 (1979). The pivotal question therefore is whether or not the claimant had a reasonable expectation of returning to her substitute teaching job in the fall.

The refree made the following crucial finding of fact:

3. The claimant's name remained on the school districts roster substitute list and both she and the school districts expected that she will resume employment as a substitute teacher when school begins in September 1977.

The Board accepted this finding and it is therefore binding on this Court if it is supported by substantial evidence. *Scholtz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 277, 400 A.2d 700 (1979).

The record indicates that the claimant had been a substitute teacher in these districts since 1974 and had been called back every fall since that time, and as a matter of fact did return to teach in the districts in September 1977. Furthermore, the record contains copies of letters sent to the claimant from these districts stating that substitute work would be available to her for the 1977-78 school year. We believe, therefore, that the Board's decision was clearly supported by the evidence and was in accordance with our prior holdings concerning the eligibility of school employees

for benefits during the summer recess months. *See, e.g., Ortiz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979); *Davis v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978).

We note in addition that the Board also affirmed the referee and the Bureau's determination that, because of local office error, the claimant was paid $195.00 for weeks during which she was determined to be ineligible for benefits and that a non-fault recoupable overpayment was established pursuant to Section 804(b) of the Act, 43 P.S. §874(b). Because we find that the claimant was in fact ineligible for any benefits, the payments she received may consequently be recouped. We will therefore affirm that part of the Board's order as well.

ORDER

AND Now, this 19th day of November, 1979, the order of the Unemployment Compensation Board of Review denying benefits to Anne M. Pleskovic and finding a recoupable non-fault overpayment of $195.00 is hereby affirmed.