Andrew Pac, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Coreen A. Sines, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Esther P. Sargrad, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Kathy A. Blackmore, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Ilene K. Pollock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Danielle Hanna, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joan P. Wait, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James R. Walker, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Linda L. Weinberg, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Kristina L. Palmer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Jennifer G. Wolf, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

92

Susan Tow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Florence Sackett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Patricia Kahley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Margaret Shuda, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

David D. Adams et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Lucia E. Esther, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Steven Goldberg et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Louise Pezzullo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 13, 1979, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*William Reinhorn,* with him, *Leonard M. Sagot* and *Thomas W. Jennings,* and of counsel, *Sagot & Jennings,* for petitioners.

*Michael D. Klein,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 18, 1979:

We have consolidated for argument and disposition the appeals of thirteen substitute teachers, a substitute teacher's aide[1] and a substitute bus driver of Neshaminy School District, three substitute teachers of the Philadelphia School District (two of whom are test claimants for 277 additional Philadelphia substitute teachers) and one substitute teacher of Bristol Township School District from orders of the Unemployment Compensation Board of Review denying them unemployment benefits during the school vacation period beginning June 1977. Except the cases of Neshaminy employees James R. Walker and Patricia Kahley, which we will discuss at a later place in this opinion, the appeals present common questions of fact and law.

At the close of the 1976-1977 school year, all of the appellants applied to the Bureau of Employment Security (Bureau) (now known as the Office of Employment Security) for Special Unemployment Assistance (SUA) benefits pursuant to Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note). The Bureau denied their applications because it found that they were not available for work within the meaning of Section 401(d) of the Unemployment Compensation Law, Act

---

[1] *See* Note 4 *infra.*

of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).[2]   On appeals to referees, the referees found typically that the employees had not been notified that their employment would resume at the start of the next semester, except for similar occasional substitute work and that the employees were able and available for suitable work.   The Board reversed the referees' decisions and denied benefits to the employees, finding that the employees expected and intended to return to work during the 1977-1978 school year.   The Board concluded that the appellants therefore had implied contracts with their respective districts for the coming school years and were not available for other work.

The appellants contend that the Board erred in finding that a contract existed between them and their respective districts and in finding that they were not available for other suitable work.   Our scope of review in employment compensation cases "is limited to questions of law and a determination of whether or not the findings of the Board are supported by substantial evidence, giving to the party prevailing below the benefit of all reasonable and logical inferences." *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 81, 368 A.2d 1367, 1368 (1977).

Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974 provides in pertinent part that benefits are to be denied to an indi-

---

[2] Section 401(d) of the Unemployment Compensation Law is made applicable to SUA by Section 203(a)(2) of the Emergency Act, which provides in part that an individual may be eligible for SUA benefits if "the individual is totally or partially unemployed, and is able to work, avaiable for work, and seeking work, within the meaning of, or as required by, the applicable State unemployment compensation law, and is not subject to disqualification under that law. . . ." 26 U.S.C. §3304 note.

vidual employed in an instructional capacity and between two successive academic years if:

> (1) Such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and
>
> (2) Such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms.[3]

26 U.S.C. §3304 (note).

While the word contract is not further defined in the Act we have, consistent with a directive from the United States Secretary of Labor, defined the word contract in this context to include " 'either a verbal, written or implied agreement.' " *Ortiz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 238, 400 A.2d 685, 687 (1979). An ''implied agreement'' is defined in the Secretary of Labor's letter upon which we depended in *Ortiz,* as follows: " 'If a teacher . . . has not resigned, has not retired or has not been terminated, there may be an implied continuing contractual relationship.' "

The records in this case show that none of the employees had resigned or retired at the close of the 1976-1977 school year. In fact, the record reveals that each employee indicated that he or she would, if

---

[3] Section 203(b) of the Emergency Act was amended to provide that benefits will be denied "if there is a contract or *reasonable* assurance that such individual will perform services in any such capacity for any educational institution in the [period] of such academic years or terms". Section 203(b) of the Emergency Act, added by the Act of October 20, 1976, Pub. L. No. 94-566, 90 Stat. 2760, 26 U.S.C. §3304(a)(6)(A)(i). (Emphasis added.) This amendment did not become effective until after December 31, 1977, and therefore, while instructive, is not controlling in the instant case.

offered employment by their respective district for the 1977-1978 school year, return to work. Nor can we find any indication that any of the employees except for Walker were terminated in their employment. Each employee had been repeatedly rehired by his respective district as a substitute teacher over a period ranging from one to ten years in individual cases. Moreover, in the case of the Neshaminy employees, each employee received two letters from Neshaminy, informing him that, while Neshaminy had no legal obligation to rehire him, "similar occasional substitute employment will be made available in this coming school year." Therefore, with the exception of Walker, the Board had substantial evidence before it from which to conclude that a contract between the employees and their school districts existed. *Pleskovic v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 352, 408 A.2d 190 (1979), involved substitute teachers and is indistinguishable and controlling. *See also, Scholtz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 277, 400 A.2d 700 (1979); *Ortiz v. Unemployment Compensation Board of Review, supra.*

We also believe, with the exception of the Walker case, that substantial evidence existed in the record to support the Board's conclusion that the appellants were not available for work within the meaning of Section 401(d) of the Unemployment Compensation Law, *supra.* Where a school employee expects and desires to work with an educational employer at the conclusion of the summer break, he is unavailable for suitable work and thus ineligible for unemployment compensation benefits during this time, "absent proof on [his] part that there is some substantial reason to believe [he] will not be recalled at the end of the summer recess." *Sude v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 533,

535, 402 A.2d 1122, 1123 (1979). Our discussion above shows that, under this standard, the Board could properly conclude that the employees here were not available for other suitable work.[4] *Scholtz v. Unemployment Compensation Board of Review, supra.*

Walker presents a different case. At the close of the 1976-1977 school year his employment by Neshaminy was definitely ended, as evidenced by a letter of recommendation written by Neshaminy for Walker's use. The letter stated that, due to a drastic drop in student enrollment, Neshaminy would be "unable to retain his [Walker's] services." Since the record is devoid of contradictory evidence, it contained no substantial evidence from which the Board could conclude that Walker and Neshaminy had a contract, implied or otherwise. Walker was therefore eligibile for unemployment compensation benefits at the close of the 1976-1977 school year. However, Walker testified that, near the end of June, 1977, he signed a contract for employment as a teacher with another school district for the 1977-1978 school year. The contract effectively limited his availability for other work, thereby rendering him ineligible for unemployment compensation benefits from the date this contract was executed.[5] We therefore remand Walker's record to the Board for a computation of benefits,

---

[4] Our holding that a contract existed between the employees and their respective districts and that the employees were not available for work makes it unnecessary to examine whether the substitute teacher's aide was employed by Neshaminy in an instructional or non-instructional position and thus subject to a different burden of proof. *Compare* Section 203(b) of the Emergency Act, 26 U.S.C. §3304 note, *with* Section 203(c) of the Emergency Act, *id.*

[5] When Walker signed the contract for employment with another school district, he also was rendered ineligible for SUA benefits by Section 203(b)(1) of the Emergency Act, which prohibits the payment of benefits to an individual who has a con-

if any, due Walker for the period between his termination of employment with Neshaminy and his subsequent execution of the contract with his new employer.

Ms. Kahley was employed by Neshaminy as a substitute school bus driver, a non-instructional position. She is therefore ineligible for SUA if she had reasonable assurances of returning to work with Neshaminy in the fall. Section 203(c) of the Emergency Jobs and Unemployment Assistance Act of 1974. Ms. Kahley stated on her SUA benefits application and her Identification Questionnaire that she did have reasonable assurance of return to Neshaminy in the fall. She was, therefore, as the Board correctly found, ineligible for SUA benefits.

### ORDER

AND Now, this 18th day of December, 1979, the orders of the Unemployment Compensation Board of Review, denying benefits to Andrew Pac, Coreen Sines, Esther P. Sargrad, Kathy A. Blackmore, Ilene K. Pollock, Danielle Hanna, Joan P. Wait, Linda L. Weinberg, Kristina L. Palmer, Jennifer G. Wolf, Susan Tow, Florence Sackett, Patricia Kahley and Margaret Shuda are affirmed.

The orders of the Unemployment Compensation Board of Review denying benefits to David D. Adams et al., Lucia E. Esther, Steven Goldberg et al. and Louise Pezzullo are affirmed.

The order of the Unemployment Compensation Board of Review denying benefits to James R. Walker is reversed and the record remanded to the Board for proceedings consistent with this opinion.

---

tract to perform "services in any such capacity for *any* educational institution." Section 203(b)(1) of the Emergency Act, 26 U.SC.. §3304 note. (Emphasis added.)