Esther M. Rish, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Esther M. Rish,* for herself, petitioner.

*Richard Wagner,* Chief Counsel, with him, *Michael Kline,* Assistant Attorney General, *David R. Confer,* Assistant Attorney General, and *Edward C. Biester, Jr.,* for respondent.

OPINION BY JUDGE WILKINSON, JR., January 9, 1980:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's award of benefits. We affirm.

Claimant was last employed by the Greater Nanticoke Area School District (District) as a permanent substitute to replace the regular librarian at Nanti-

coke Junior High School who had been absent on maternity leave.[1] Claimant's last day of work was June 16, 1977 as a result of the closing of school for summer vacation. On that date, claimant was informed by the principal of Nanticoke Junior High School that the regular librarian would be returning the following September thus ending claimant's employment as a substitute for that particular position.

It is clear from claimant's testimony that she intended to continue her employment with the District the following school year if work was available. Indicative of this desire was claimant's attempt to secure a position with the District as a home economics teacher. It is likewise evident that claimant could reasonably expect substitute work in the future since her name appeared on the District's substitute teacher roster.[2]

The facts of this case justify the finding of the Board that an implied agreement for continued employment existed between claimant and the District sufficient to support the denial of benefits under Sec-

---

[1] Claimant's work history presents an extensive record of substitute and part-time teaching experience although the precise details are difficult to ascertain from claimant's testimony. It is apparent at any rate that she had served the District as a temporary substitute prior to the permanent substitute position as librarian. Claimant additionally testified to eight years of part-time teaching experience under an Elementary and Secondary Education Act program. Although this Act is nowhere more specifically identified in either the briefs or record the reference is apparently to the Elementary and Secondary Education Act of 1965, 20 U.S.C. §241a *et seq.* For further discussion of the purposes and mechanics of the Act *see Liddell v. Board of Education,* 469 F. Supp. 1304 (E.D. Mo. 1979).

[2] Claimant testified that she indeed received work as a temporary substitute the following year, October 17, 1977 being the first of "several" such assignments during the first half of the 1977-78 school year.

tion 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 note. *See Pac v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 91, 409 A.2d 470 (1979) (and cases cited therein).

We are similarly convinced that the evidence in this case is sufficient to support the Board's finding that the claimant was not genuinely attached to the labor force during the summer of 1977 and was therefore ineligible under Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). *See Pac, supra; Pleskovic v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 352, 408 A.2d 190 (1979); and *Ellman v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 179, 407 A.2d 478 (1979).

On this issue of availability the following exchange between claimant and the referee is illuminating:

QR: [Y]ou've been connected with education for several school years. Did you work during any of those summers?

AC: Not recently. But when there was a summer program, before I had gotten married, I did participate in a summer program.

QR: How many years ago?

AC: Oh, about 25.

The instant facts present precisely the type of subsidized summer vacation which the Unemployment Compensation Law seeks to prevent. *See Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978).

392

Accordingly, we will enter the following

ORDER

AND Now, January 9, 1980, the order of the Unemployment Compensation Board of Review at Decision No. B-158846, dated June 30, 1978 is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.