Ms. Barbara Gillis, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Barbara Gillis*, Pro Se, petitioner.

*Stephen B. Lipson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 26, 1980:

Barbara S. Gillis, a substitute school teacher, has appealed from a decision of the Unemployment Compensation Board of Review reversing a referee's decision granting unemployment compensation benefits for a period following the end of the 1976-1977 school year. We affirm the decision of the Board.

The appellant was employed as a substitute teacher by the Bristol Township School District from 1970 to 1977. At the end of the 1976-1977 school year, as in previous years, the School District sent the appellant a questionnaire asking whether she planned to substitute teach during the following year. The appellant responded that she did plan to do substitute work during the 1977-1978 school year and she returned the form to the School District on July 8, 1977. The School District then placed her name on its list of substitute teachers for that year.

At the close of the 1976-1977 school year, the appellant also applied to the Bureau (now Office) of Employment Security for Special Unemployment Assistance (SUA) benefits pursuant to Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note). The Bureau denied

benefits and the appellant appealed to a referee, who conducted a hearing and reversed the Bureau's denial. The Bureau appealed to the Board of Review, which remanded the record to a hearing officer for the taking of additional evidence. The hearing officer conducted a second hearing, at which the appellant and representatives of the school district appeared and testified. After reviewing the entire record, the Board made the following findings of fact:

6. The claimant's name will be on the [substitute teacher] list used by the employer during the 1977-1978 school year and will be called when work becomes available.

7. The claimant expects to return to work at the commencement of the next school year.

8. The claimant intends to return to work at the commencement of the next school year.

The Board concluded that a continuing contractual relationship existed between Gillis and the Board for the former to perform services during the 1977-1978 school year and that Gillis was therefore ineligible for SUA benefits pursuant to Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note), which provided at the time of this action that an individual employed in an instructional capacity would be ineligible for benefits for the period between two successive academic years if

(1) such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and

(2) such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms.

The Board's interpretation of this legislation follows exactly our holding in *Ortiz v. Unemployment Com-*

*pensation Board of Review*, 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979).

The Board also concluded that the appellant was ineligible because she was not able and available for work as required by Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). The Board again has followed the holding of our case law. The claimant concluded that she intended to continue substitute teaching in the fall. In *Pac v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 91, 409 A.2d 470 (1979), involving a group of cases indistinguishable from this one, we held that a school employee who expects and desires to work with her education employer at the end of the summer recess is unavailable for suitable work. Thus, the matters raised are clearly ruled by our cases cited and need no additional exposition here.

Order affirmed.

#### ORDER

AND Now, this 26th day of June, 1980, the order of the Unemployment Compensation Board of Review is affirmed.