Argued April 23, affirmed June 28, reconsideration denied August 4, petition for review denied September 1, 1976

## ANDERSON, *Petitioner,*
*v.*
## EMPLOYMENT DIVISION et al, *Respondents.*
### (No. 75-AB-1026, CA 5553)
551 P2d 482

*Kenneth Ryder,* Certified Law Student, Salem, argued the cause for petitioner. With him on the brief was Steven Goldberg, Marion-Polk Legal Aid Service, Inc., Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Mari-Linn School District Number 29-J.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

SCHWAB, C.

## SCHWAB, C. J.

The issue in this case involves the interrelationship between Oregon and federal statutes defining eligibility for separate unemployment compensation programs.

Claimant was employed as a teacher's aide by a public school district. Unable to find other employment during the summer recess, she applied for unemployment compensation. This claim under Oregon statutes was denied on the basis of ORS 657.221[1] which provides that unemployment compensation "shall not be paid" to certain school employes during a school recess. Claimant then applied for unemployment compensation under the Emergency Jobs and Unemployment Assistance Act of 1974, Pub L No. 93-567. This claim under federal statutes was also denied. Claimant appeals from this latter denial.

Pub L No. 93-567, Title II, § 203, establishes eligibility standards for the federal benefits claimant seeks. One is that claimant must be "not eligible for compensation under any State or Federal unemployment compensation law." At first blush, reading the federal statute literally, it would seem that claimant is "not eligible for compensation" under Oregon law because her initial Oregon claim was denied on the basis of ORS 657.221.

The Employment Division responds that claimant

[1]ORS 657.221 provides in part:

"(1) Notwithstanding any other provision of this chapter, benefits, based on service performed for an educational institution operated by a political subdivision, shall not be paid for a week of unemployment if any day of the week is within a school recess period and the individual has been notified he is scheduled to return to work at the end of the recess period. * * *

"(2) For purposes of subsection (1) of this section 'recess period' means any period of more than one day duration in which regular classes are not scheduled, such as summer, Christmas, and spring vacations. * * *

"* * * * *"

The claimant in this case had been notified to return to work and did return to work at the end of the summer recess.

"is eligible under state law to receive unemployment benefits but that state law [ORS 657.221] forbids payment of those benefits for the period [claimant] is requesting them." We find this reasoning incomprehensible.

More plausible is the Employment Division's argument that ORS 657.221 "is a legislative * * * determination that school recess periods * * * are not really periods of unemployment for individuals within the educational occupations." However, there are two flaws in this analysis. First, unlike school employes paid over a 12-month period, the present claimant was unemployed during the summer as that term is defined in ORS 657.100.[2] Second, ORS 657.221 specifically states compensation "shall not be paid for a week of *unemployment*" during a school recess. (Emphasis supplied.)[3]

Even more plausible is the Employment Division's reliance on the legislative history of Pub L No. 93-567, which indicates that Congress might well have intended "not eligible for compensation" to mean ineligibility for two specific reasons:

"* * * [T]itle II provides cash benefits both for the unemployed who have exhausted their benefits under current law and for those who are not eligible for these benefits because their employment is excluded under the unemployment insurance law of their State." House Report No. 93-1528, 4 US Code Cong & Adm News 6758 (1974).[4]

---

[2] ORS 657.100 provides in part:

"An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him * * *."

No wages were payable to the claimant in this case during the summer recess.

[3] It is interesting to note that, while the legislature has addressed the problem of school employes who are "laid off" for three months every summer, it has not addressed the seemingly identical problem of logging industry employes who are laid off for three months every winter. *See, Anderson v. Employment Division*, 24 Or App 503, 546 P2d 779 (1976).

[4] An example of employment completely excluded from unemployment insurance by state law is agricultural labor. *See,* ORS 657.045.

But without ready access to all congressional legislative history materials, we will assume, as claimant contends, that "not eligible for compensation" includes a situation like claimant's, that is, an Oregon claim that has been made and denied.

This is not the end of the inquiry. Another eligibility standard for the federal benefits claimant seeks is:

> "[T]he individual is * * * unemployed, and is able to work, available for work, and seeking work, within the meaning of, or as required by, the applicable State unemployment compensation law, and is not subject to disqualification under that law. * * *" Pub L No. 93-567, Title II, § 203(2).

At first blush it would seem that ORS 657.221 is a disqualification under state law. Claimant's argument to the contrary is:

> "Disqualification implies initial eligibility for State unemployment compensation but, because of some volitional act * * * [the claimant is] disqualified from receipt of benefits.
>
> "* * * * *
>
> "Under the Oregon statutory scheme, there are a number of specific disqualifications * * *: voluntary leaving [work] without good cause (ORS 657.176); discharge for misconduct connected with the work (ORS 657.176); failure to apply for or accept available suitable work (ORS 657.176); unemployment due to [a] labor dispute (ORS 657.200) * * *."

*See also,* ORS 657.205, 657.210 and 657.215.

Although not unreasonable, we find claimant's analysis of the statutory scheme unpersuasive. First, it is not apparent that all disqualifications are always based on a claimant's volitional act — the notable exception being the labor dispute disqualification, ORS 657.200. Second, to the extent that a volitional act be deemed essential, it is likely that a school employe who has been "notified he is scheduled to return to work at the end of" a school recess period, ORS 657.221, solicited such notice, i.e., engaged in a volitional act.

Instead, the common denominator we find in the statutory disqualifications is a legislative determination that claimants who meet all of the general eligibility requirements will nevertheless be denied unemployment compensation on policy grounds found sufficient by the legislature. Viewed in this light, we hold ORS 657.221 is a disqualification under Oregon law. By its incorporation into Pub L No. 93-567, Title II, § 203(2), it also disqualifies claimant from receiving federal benefits under that statute.

Affirmed.