After a hearing before the Chief Appeals Referee of the Mississippi Employment Security Commission, Ann Arras Williamson (claimant) was denied unemployment benefits. Claimant appealed to the Circuit Court of Hinds County where the order denying benefits was affirmed. She then appealed to this Court.
Claimant filed for unemployment benefits under the Emergency Compensation Act of 1974, 26 U.S.C. § 3304 note on May 29, 1975. Her claim was denied by the Mississippi Employment Security Commission on July 2, 1975.
At the time of filing claimant had last been employed as a teacher by the Madison County Schools for the school year 1974-1975, ending on May 28, 1975.
The claimant had previously worked for the same school system in the 1973-1974 school year. Her contract, which provided for nine months employment payable in twelve equal installments, had been formalized both years in July, preceding the fall term of school.
At the close of the 1974-1975 term claimant understood she would return to the same position in the fall. Between the close of the 1974-1975 term and the formalization of the 1975-1976 contract in July, claimant was asked by the school superintendent if she would take a job in another school for the purpose of improving racial balance. She refused; however, there is no evidence that she resigned her position or that she was terminated. In July 1975, a contract was formalized for the 1975-1976 term and she returned in the fall to her regular job.
The Emergency Compensation Act of 1974 as Amended by Public Law 94-32, 89 Stat. 178, 26 U.S.C. § 3304 note, specifies that a teacher in an educational institution does not qualify for compensation under the Act during the recess period between school terms if the individual has worked during the first term or year and "has a contract to perform services in any such capacity . . for the latter of such academic years or terms."
It is this quoted clause that is in issue. Specifically the question is raised whether under the facts of this case there is a "contract" within the meaning and intent of the Emergency Compensation Act of 1974.
The particular provision in issue was first interpreted by the Department of Labor in its role of explaining and implementing the intent of the Congress. While not binding on this Court, the Department of Labor defined the term "contract" in the context of the Act as being, "either a verbal, written, or implied agreement." It went on to state "[I]f a teacher . . . has not resigned, has not retired, or has not been terminated, there may be an implied continuing contractual relationship." Unemployment Insurance Program Letter No. 29-75 (Associate Manpower Administrator, 1975). *Page 980 
In Anderson v. Employment Division, 25 Or. App. 845,551 P.2d 482 (Ore.App. 1976), the Oregon Court concluded the benefits of the Act were not intended for school employees during the recess between terms; however, it did so on a construction of statutes particular to that state.
Examination reveals that the stated purpose of the Emergency Compensation Act was "to establish a program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment. . . ." 26 U.S.C. § 3304 note, § 201. It was an emergency act for an aggravated situation intended to reach those individuals actually unemployed and most in need of assistance to sustain their livelihood.
Given the background and stated purpose of the Act, it becomes apparent that the Legislature did not intend the word "contract" in the context of the Act to be given a strictly formal construction.
In light of this, where a teacher in a school system has previously contracted on an annual basis with the option to be paid in either nine or twelve month periods, and, there is a reasonable expectation of employment after the recess, such will be deemed to satisfy the requirements of a "contract" for the purposes of the Emergency Employment Compensation Act.
On the present facts, claimant was and has been employed on an annual basis for nine months employment with her salary paid in twelve equal installments. By customary arrangement, her contract had been formalized each year in July preceding the beginning of the fall term. At the time of her application for benefits she had neither resigned, nor been terminated, nor was there any evidence that she would be terminated. For the purposes of the Emergency Employment Compensation Act of 1974, these facts constitute a continuing employment contract.[1]
AFFIRMED.
PATTERSON and INZER, P. JJ., SMITH, ROBERTSON, SUGG, BROOM, WALKER and LEE, JJ., concur.
[1] While not relevant based on the date of this case, it should be noted that the need for this construction of the term "contract" with regard to the Emergency Compensation Act was recognized by the Congress in its 1976 Amendment to the Act where "or reasonable assurance that such individual will perform services . . .," was inserted after the word "contract." 26 U.S.C.A. 3304(a)(6)(A).