164 N.J. Super. 325 (1978)
396 A.2d 351
NICHOLAS CALAMUSA, APPELLANT,
v.
BOARD OF REVIEW ET AL., RESPONDENT.
MURIEL HOLSTEIN, APPELLANT,
v.
BOARD OF REVIEW ET AL., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1978.
Decided December 11, 1978.
*327 Before Judges CONFORD and PRESSLER.
Mr. Stuart Kahn, attorney for appellants.
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Michael S. Bokar, Deputy Attorney General, of counsel; Mr. Ivan J. Punchatz, Deputy Attorney General, on the brief).
PER CURIAM.
These appeals were consolidated for submission to the court and involved common questions of law and fact. Appellants are school teachers and they were not covered by the unemployment compensation law at all until the enactment of the Emergency Jobs and Unemployment Assistance Act of 1974, P.L. 93-567, 26 U.S.C.A. § 3304 note (West Cum. Supp. 1978-1979) at 259, as amended by the Emergency Compensation and Special Unemployment Assistance Extension Act of 1975 [SUA], P.L. 94-45. This covered certain public employees, including school teachers, under specified conditions. As to school personnel, the federal act provides:
(b) An individual who performs services in an instructional, research, or principal administrative capacity for an educational institution or agency shall not be eligible to receive a payment of assistance or a waiting period credit with respect to any week commencing during the period between two successive academic years *328 (or, when the contract provides instead for a similar period between two regular but not successive terms, during such similar period) if
(1) Such individual performed services in any such capacity for any educational institution or agency in the first of such academic years or terms; and
(2) Such individual has a contract to perform services in any such capacity for any educational institution or agency for the later of such academic years or terms. P.L. 93-567, as am. § 203.
Thus, under this act, a teacher employed by a local board of education who performs services in the first of two successive academic years and who has a contract to work the later of such school years is ineligible for unemployment compensation for any week commencing during the period between the end of the first academic year and the beginning of the second.
In all other respects, the federal act requires compliance with the terms and conditions of the state unemployment compensation law.
Appellants were employed as nontenured specialty teachers by the Passaic Board of Education under a federal program known as Title I, of the Elementary and Secondary Education Act of 1965, 20 U.S.C.A. § 236 et seq. [E.S.E.A.]. Holstein had been employed as a teacher of remedial reading for ten years; Calamusa for five years as a bilingual English instructor. On April 12, 1976, pursuant to the notice requirements of N.J.S.A. 18A:27-10 (West Cum. Supp. 1978-1979), appellants received a letter from their employer which stated that their contracts would not be renewed for the 1976-1977 school year because of the uncertainty of availability of federal funding for the E.S.E.A. program. The letter indicated that the uncertainty would not be resolved until the summer of 1976 "when further commitments are usually received." However, it was suggested that appellants "continue in contact" with the school board.
Appellants had received similar notices in prior years and had been rehired as late as August. Indeed, prior to the enactment of the notice statute in 1972 claimants were *329 not notified either way of their status until the August preceding the start of the new school year. Although their current contracts for the 1975-1976 school year were to end on April 30, 1976, appellants were permitted to work through the end of June.
Appellants filed for unemployment compensation benefits against the New Jersey fund during the first week of July 1976 and commenced efforts to find other employment. Holstein read the teacher want ads in the Sunday New York Times and replied to two ads for remedial reading instructor positions in North Jersey. Calamusa contacted two school districts in Wisconsin as well as Paterson and Newark in regard to employment as a bilingual instructor. This was the extent of their efforts.
On August 2, 1976 appellants were notified by a claims deputy of the State Division of Unemployment that they were ineligible for benefits because they were "employed." On or about August 11, 1976 appellants were notified by letter of their reassignment to the Passaic public schools for the school year beginning September 7, 1976.
On appeal to the Appeal Tribunal that body held that the Board's letter of April 12, 1976 was an "implied contract" for a successive year's employment, thus bringing claimants within the proscription of § 203. Moreover, the decision held claimants ineligible due to their failure to show "availability for work." On further appeal to the Board of Review, the decision of the Appeal Tribunal was modified to the extent that it was held that the disqualification under SUA was applicable only after August 11, 1976 when appellants were notified of their assignment for the ensuing school year. Prior thereto they had no contract. The Board of Review nevertheless denied both appellants any benefits as it agreed with the Appeal Tribunal determination that appellants were unavailable for work during the period involved.
We find the plain language of the federal statute applicable to bar appellants' rights to unemployment compensation *330 subsequent to August 11, 1976. There being no challenge before us as to the modification by the Board of Review of the Appeal Tribunal holding that appellants had an implied contract even before that date, we need express no opinion on the point as we are constrained to hold there was substantial credible evidence to support the decision of both agency tribunals that appellants' efforts to find work were insufficient to constitute compliance with the "availability for work" prerequisite for unemployment compensation benefits. N.J.S.A. 43:21-4(c). See Worsnop v. Board of Review, Div. of Emp. Sec., 92 N.J. Super. 260, 264-265 (App. Div. 1966).
We find no merit in appellants' additional contention that they were not put on notice that the question of availability for work would be an issue before the Appeals Examiner. See Ferry v. Board of Review, Div. of Emp. Sec., 131 N.J. Super. 99 (App. Div. 1974) certif. den. 67 N.J. 80 (1965). The notice of hearing given them specifically noted that question as one to be considered, and appellants did offer evidence on the matter.
Judgment affirmed.