**Doris J. NELSON, Petitioner-Appellant,**

v.

**The LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and the Division of Employment Security of the State of Missouri, Respondents.**

**No. WD30818.**

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Regina G. Bass, Dale K. Irwin, Legal Aid of Western Missouri, Kansas City, for petitioner-appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent, Division of Employment Security of Missouri.

Richard C. Arndt, Jefferson City, for respondent, Labor and Industrial Relations Commission of Missouri.

Before WASSERSTROM, C. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This is an appeal by a claimant who was denied unemployment compensation benefits under the Emergency Jobs and Unemployment Assistance Act of 1974, as amended 1976, 26 U.S.C. § 3304. The claim was denied by a deputy, and the claimant pursued the right of appeal in timely fashion. A referee of the Appeals Tribunal of the Division of Employment Security affirmed the deputy's decision, and that finding was affirmed by the Commission and the Circuit Court.

The issues presented are: First, is the finding of the administrative body supported by substantial and competent evidence; and, second, is the determination a correct conclusion of law?

The facts are relatively simple and not disputed. Claimant has worked for the Kansas City Missouri School District since 1970. She was employed as a teacher's assistant during the academic year 1976–1977. She worked through the last day of the school year, June 16, 1977. Claimant also worked six weeks during that summer of 1977 for the school district.

At the time of application, claimant had not been informed as to whether she would be rehired by the Kansas City School District for the upcoming academic year, but by the time of the hearing before the referee, she had resumed her employment. Claimant had received written notices of reemployment from the Kansas City School District up to the year 1974. After that year, apparently as a matter of policy, the District sent no notification of reemployment to teacher aides between the school terms. Claimant had participated in a school employees strike during the 1976–1977 school year. There were some rumors that employees who participated in that strike might be laid off, but it was conceded at oral argument that claimant worked for the District for six weeks after the teachers' strike was concluded. Claimant asserts she searched for other employment during the summer months of 1977. On either Labor Day or the day before, she received a telephone call from her supervisor asking

that she report back to work on September 6, 1977.

 The first point raised by claimant, that of the sufficiency of the evidence to permit the administrative decision to stand, must be weighed in the light of the scope of review established by § 288.210 RSMo 1978. Pursuant to that statute, review of the factual basis for the administrative decision is limited to a determination by this court that the decision is supported by substantial and competent evidence. The claimant bears the burden of proof to establish eligibility for benefits. *Haynes v. Unemployment Compensation Comm.*, 353 Mo. 340, 183 S.W.2d 77 (1944).

The claimant argues that not only is the evidence not sufficient but that the claimant's testimony was the only evidence relating to the "reasonable assurance" of the claimant as to continued employment. This argument requires consideration of the applicable Federal statute which the parties concede controls. In relevant part, the statute reads:

"(ii) [W]ith respect to services in any other capacity for an educational institution . . . compensation payable on the basis of such services *may be denied* to any individual for any week which commences during a period between two successive academic years or terms *if* such individual performs such services in the first of such academic years or terms *and there is a reasonable assurance* that such individual will perform such services in the second of such academic years or terms," [Emphasis added]. 26 U.S.C.A. § 3304(a)(6)(A)(ii).

 Under the language set forth above, the burden of the claimant is to show that there was no "reasonable assurance" she would be reemployed. To construe that language as requiring the Division of Employment Security to provide evidentiary support for a finding that the claimant had a "reasonable assurance" of reemployment would shift the burden and do violence to a settled principle concerning the establishment of a right to compensation. *Haynes,*

*supra.* The statute is cast in awkward terms because it requires the claimant to assume a burden to prove a negative fact, but there is nothing in the statute to suggest that the congressional intent was to make the issue of "reasonable assurance" a sort of affirmative defense upon which the administrative agency was required to shoulder the burden.

■ Applying the principles of the standard of review and the burden of proof, the evidence must be examined to see if the determination of no reasonable assurance of reemployment was required by the evidence. The claimant argues that the evidence would give rise to an inference that the claimant had "no reasonable assurance" she would be reemployed. The inference to be drawn is for the administrative agency as the fact finder. Only if there is no rational basis for the inference can this court find that there is no evidentiary support for the ultimate finding of fact. In *Home Plate, Inc. Virginia Wheel v. Oregon Liquor Control Comm'n.*, 20 Or.App. 188, 530 P.2d 862 (1975) and *McCann, et al. v. Oregon Liquor Control Commission*, 27 Or. App. 487, 556 P.2d 973 (1976), the Oregon Court of Appeals develops the rationale for requiring the necessary logical nexus between the facts of record and the inference to be drawn. The Missouri rule is no different—the evidence is to be considered in the light most favorable to the finding, together with all the *reasonable* inferences which may be drawn therefrom which seem to support the finding. *LaPlante v. Industrial Commission*, 367 S.W.2d 24, 27 (Mo.App. 1963). Although a court might draw the contrary inference where two such inferences are possible, it is inappropriate for a court to do so when reviewing an administrative finding.

■ From a reading of the Oregon cases cited, it appears that under Oregon law, the administrative agency must, within the administrative decision, set out a rational exposition of facts and the reasoning which leads from the facts to the conclusion. *McCann, supra.* That concept is likewise embodied in our requirement that an agency make findings of fact to support the administrative decision. More attention to that concept by administrative agencies would simplify judicial review.

■ Adverting now to the facts in the instant case, claimant had returned to work after summer recess for six years; she viewed her job as a teacher aide as one to which she "returned." She had no written contract, but her employment relationship was an ongoing employment pattern for six years. Since 1974, she had received no formal notice of reemployment, but had still been reemployed consistent with the employment pattern. Despite the rumors of retribution for strike activity, she had been reemployed for the six weeks period *after* the strike. There is not an iota of evidence that her employer ever indicated she would not be reemployed. Although claimant sought employment between her temporary summer recess employment and the beginning of the new school year, her stated reason was not to find a different employment, but because she did not make enough money during the school year. This evidence amply and rationally supports the inference that her self serving assertion that she did not have reasonable assurance of returning to work was unfounded. It does not require disbelief of her testimony, only the drawing of a contrary inference as to the ultimate fact. Thus, claimant's reliance on *Jennings v. Labor and Industrial Relations Commission*, 579 S.W.2d 845 (Mo. App.1979) and *Wilson v. Labor and Industrial Relations Commission*, 573 S.W.2d 118 (Mo.App.1978) is misplaced. In the instant case, the agency did not have to disbelieve her testimony. It simply drew an inference contrary to the inference the claimant drew from the same facts. The claimant's testimony here was not as to a specific fact—it was only her subjective feeling concerning her reemployment. Her burden was to persuade the agency to accept the inference from the facts that she had "no reasonable assurance" of reemployment. This the agency did not do, and this court may not say that the inference drawn is not a rational one from the evidentiary facts shown.

The claimant's second contention is that the finding of the Industrial Commission is contrary to law. That argument is premised upon the following syllogism. Claimant says "reasonable assurance of return to work" has no statutory or common law meaning. Second, the legislative history states that a "reasonable" assurance of reemployment means a "written, verbal or implied agreement that the employee will perform services in the same capacity during the ensuing academic year or term." H.Conf.Rep.No.1745, 94th Cong., 2d session (1976) U.S.Code Cong. & Admin.News 1976, pp. 5997, 6036.

Claimant then urges that under ordinary contract principles there was no contract, express or implied, and therefore no reasonable assurance as a matter of law. The difficulty with the logic is the literal application of contract principles to the statute. The Industrial Commission has referred the court to a Rhode Island case reviewing the legislative history of the statutes concerning the benefits here claimed. *Harvey v. Director of the Department of Employment Security*, 385 A.2d 1057 (R.I. 1978). A review of the statutes reveals that the reasoning of that case is sound and that 26 U.S.C. § 3304(a)(6) was amended by Public Law No. 94–566, § 603, 90 Stat. 2691 (1976) not to provide a requirement for a contractual relationship in order to deny benefits, but to permit the denial of benefits in situations where no contract existed but in which, under all the circumstances shown, there was to be a continuing employment relationship. The congressional intent to require the elements of contract as a precondition to denying benefits is simply not justified. The congressional intent seems clear. The benefits are to be paid commencing at the end of one school year when there is "no reasonable assurance" of continued employment in the succeeding year. That inference to be drawn by the agency obviously rests on the specific facts of each case.

It was reasonable for the commission to find, as it did here, that claimant had not persuaded the agency it should draw the inference of "no reasonable assurance." A discussion of the cases from other jurisdictions presenting different factual situations is neither necessary nor instructive.

The denial of benefits by the Industrial Commission is affirmed.

All concur.