Judith B. ALLEN, Appellant,

v.

STATE of Alaska, DEPARTMENT OF
LABOR, Appellee.

No. 6623.

Supreme Court of Alaska.

Feb. 4, 1983.

Joel A. Rothberg, Cary R. Graves, Alaska
Legal Services Corp., Kotzebue, for appellant.

Wilson L. Condon, Atty. Gen., Juneau,
Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, for appellee.

OPINION

Before BURKE, C.J., and RABINOWITZ,
MATTHEWS and COMPTON, JJ.

PER CURIAM.

This is an appeal by Judith B. Allen, who
was denied unemployment compensation on
the ground that she had a "reasonable assurance" of reemployment. For the reasons
set forth below, we conclude that the denial
of benefits was proper.

I. FACTUAL AND PROCEDURAL
BACKGROUND

During the 1979/1980 school year, Allen
was employed as a noncertified bilingual
instructional aide with the Northwest Arctic School District in Kotzebue. Allen
worked six to six-and-a-half hours a day,
five days a week. The school district therefore considered her a full-time teacher.
The 1979/1980 academic year was Allen's
third or fourth year of employment with
the school district.

Allen did not have a written contract with the school district and had to reapply for her position each year. Allen received no indication that she would not be rehired; however, she was not told one way or another about her reemployment until August 17, 1980, when she was asked if she could work the next day. Allen accepted the offer and is still employed with the school district.

Sometime in May of 1980, immediately following the 1979/1980 school year, Allen applied for unemployment benefits from the state. She received one unemployment check and was then notified by the Alaska Employment Security Division that she had been found ineligible for the benefits as of May 18, 1980. The notice stated that Allen had a reasonable assurance of reemployment with the school district and was thus ineligible for unemployment compensation under state law.

Allen appealed this determination, and a hearing was held on August 26, 1980. On September 3, 1980, the hearing officer affirmed the initial determination, holding in part that Allen "did have a reasonable assurance that her position would continue during the fall of 1980." The hearing officer found that a pattern had been established, which "has indicated that she normally works only during the school year and then is laid off during the summer months when school is not in session." The hearing officer also found that Allen had received a letter in the first part of August indicating she should attend a bilingual in-service training conference. Furthermore, Allen was covered by the school district's insurance policy during the summer months.

Allen applied for leave to appeal this decision to the Commissioner of Labor on September 8, 1980. The Commissioner denied leave to appeal. On October 10, 1980, Allen appealed to the superior court. The superior court affirmed the denial of benefits. Allen then brought this appeal.

## II. DISCUSSION

Under AS 23.20.381(e), formerly AS 23.20.375(c),[1] a teacher may receive unemployment compensation after the end of a school year unless the teacher has a "contract or reasonable assurance" of reemployment with an educational institution for the next school year. The statute does not define "reasonable assurance." Allen contends that "reasonable assurance" means that an employee must be expressly notified of his or her future employment status. Allen was not notified that she would be rehired by the school district and she therefore contends that she was qualified to receive unemployment compensation.

The Alaska Employment Security Act must be interpreted in a manner consistent with the federal enactment from which it arises. AS 23.20.005(b). AS 23.20.381(e) is almost identical to 26 U.S.C. § 3304(a)(6)(A).[2]

1. AS 23.20.375(c), in effect at the time Allen was denied benefits, provided:

   [B]enefits based on service in an instructional, research, or principal administrative capacity for an educational institution, may not be paid to an individual for a week of unemployment which begins during the period between two successive academic years, or during a similar period between two regular terms, whether or not successive, or during a period of paid sabbatical leave provided for in the individual's contract, if the individual performs services in the first of those academic years or terms and if there is a contract or reasonable assurance that the individual will perform services in the same or similar capacity for an educational institution in the second of those academic years or terms.

   AS 23.20.375(c) was repealed in 1980 and reenacted as AS 23.20.381(e). Ch. 9, § 60, SLA 1980.

2. 26 U.S.C. § 3304(a)(6)(A) provides:

   (6)(A) compensation is payable on the basis of service to which section 3309(a)(1) applies, in the same amount, on the same terms, and subject to the same conditions as compensation payable on the basis of other service subject to such law; except that—

   (i) with respect to services in an instructional, research, or principal administrative capacity for an educational institution to

The House-Senate conference committee report on section 3304(a)(6)(A) defines "reasonable assurance" as a "written, verbal, or *implied* agreement that the employee will perform services in the same capacity during the ensuing academic year or term." H.R.Rep. No. 94–1745, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5997, 6036 (emphasis added). The superior court concluded that inasmuch as an implied agreement may constitute reasonable assurance, Allen's claim that "reasonable assurance" requires express notification is without merit. A similar result was reached in *Nelson v. Labor & Industrial Relations Commission,* 594 S.W.2d 356, 359 (Mo.App.1980). In *Nelson,* the court found that the surrounding facts and circumstances of the case justified a finding that "reasonable assurance" existed even though the employee did not receive express notification from her employer that she would be rehired.

Allen claims that the following paragraph from the committee report supports her interpretation of "reasonable assurance":

> Under the conference agreement, when a claim is filed by an individual on the basis of prior employment in an educational institution or agency for compensation for any week of unemployment between successive academic years or terms, it is intended that the State employment security agency shall obtain from the educational institution or agency a statement as to whether the claimant has been given notification with respect to his or her employment status. *If such claimant has been notified that he or she has a contract for, or reasonable assurance of, reemployment for the ensuing academic year or term,* then the claimant may not be entitled to unemployment benefits until the educational agency or

institution informs the State agency that there is no such reasonable assurance or contract for reemployment or until the employee is not, in fact, offered employment.

H.R.Rep. No. 94–1745, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5997, 6036 (emphasis added). Allen also cites the case of *Birgenheier v. Employment Security Department,* 28 Wash. App. 911, 627 P.2d 546, 550 (Wash.App. 1981), which relied upon this section of the committee report in concluding that "reasonable assurance" must include some kind of notification.

As the state observes, however, the committee report relied upon by Allen does not set forth the guidelines for finding a teacher eligible for unemployment compensation; it only sets guidelines for finding a teacher *ineligible* for such compensation; *i.e.,* the only respect in which actual notice is significant is that if the teacher has been notified of a reasonable assurance for reemployment, the teacher is ineligible for unemployment compensation. Furthermore, the legislative history of 26 U.S.C. § 3304(a)(6)(A) clearly contradicts any argument that reasonable assurance requires actual notice to the employee. Prior to the 1976 amendment of the Unemployment Act, section 3304 stated that a teacher would be denied unemployment compensation between school terms if he or she "has a contract" to perform similar services the following year. 26 U.S.C. § 3304 (1974). A directive from the Secretary of Labor defined the term "contract" to include "either a verbal, written or implied agreement." The directive defined an "implied agreement" by stating that "[i]f a teacher ... has not resigned, has not retired or has not been terminated, there may be an implied continuing contractual relationship."

which section 3309(a)(1) applies, compensation shall not be payable based on such services for any week commencing during the period between two successive academic years or terms ... to any individual if such individual performs such services in the first

of such academic years (or terms) and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms....

Unemployment Insurance Program Letter No. 29–75, Sept. 1975, *quoted in Ortiz v. Pennsylvania,* 42 Pa.Cmwlth. 234, 400 A.2d 685, 687 (Pa.Commw.Ct.1979).

In light of this background, cases interpreting the 1974 Act state that the term "contract" was not intended to be given a strictly formal construction; if a teacher had a "reasonable expectation" of reemployment, the teacher would be deemed to have a "contract" within the meaning of the Act. *See, e.g., Ortiz v. Pennsylvania,* 400 A.2d at 688; *Harvey v. Director of Department of Employment Security,* 385 A.2d 1057, 1062 (R.I.1978); *Williamson v. Mississippi Employment Security Commission,* 347 So.2d 978, 980 (Miss.1977). In these decisions, the courts concluded that a "reasonable expectation" of reemployment could exist even though an employee had not been given express notification concerning his or her future job status.

This interpretation of the Unemployment Act was affirmed in the 1976 amendments, which revised the Act to insert the phrase "contract or reasonable assurance" in section 3304. We conclude that the Department of Labor properly rejected Allen's contention that "reasonable assurance" mandates express notification.

▪ The remaining issue for consideration is whether the Department of Labor properly concluded that Allen had a reasonable assurance of reemployment. The standard of review to be applied by this court is whether there is substantial evidence, in view of the entire record, to support the results of the adjudicative proceedings. *E.g. City of Fairbanks v. Alaska Public Utilities Commission,* 611 P.2d 493, 495 (Alaska 1980); *Application of Peterson,* 499 P.2d 304, 306–07 (Alaska 1972). *See Citizens to Preserve Overland Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). The superior court summarized the evidence supporting the Department's decision as follows:

> [Allen] had been employed for the past three or four years as a bilingual instruc-tor for the School District working only during the school year and being laid off during the summer months when school is not in session; she was an instructional employee of an educational institution; she was not told she would not have work during the coming school year; her insurance coverage was continued past her last day of service; she returned to work August 18, 1980; [and] she received a letter during the first part of August 1980 indicating she should attend a bilingual inservice training conference on August 19 and 20, 1980.

A pattern of past employment with a school district and the absence of any indication that the teacher would not be rehired have been considered to be important factors in finding that a teacher has a "reasonable assurance" of reemployment. *See, e.g., Nelson v. Labor & Industrial Relations Commission,* 594 S.W.2d 356 (Mo.App.1980); *Goralski v. Pennsylvania,* 48 Pa.Cmwlth. 39, 408 A.2d 1178 (Pa.Commw.Ct.1979); *Herrera v. Industrial Commission,* 197 Colo. 23, 593 P.2d 329 (Colo.1979).

The Department's decision is bolstered by the following exchange, which occurred during the administrative hearing:

> *Referee:* Did you receive any communication either written or oral before [you were asked to resume working] to indicate that you would be rehired or wouldn't be rehired either way?
>
> *Mrs. Allen:* Well, before the school was out, ... I strongly asked what was the plan for the coming year ... for next year. What would be the role of a bilingual instructor for the ... high school and he showed me that they would ... the role of the bilingual instructor would be this *because I wasn't take it again because of the heavy ... heavy schedule they gave me last year.* [sic] *It was too much for me.* That's why I wanted to know what they had planned for this year and he gave me a brief briefing of how it would be this ... this coming school year. ...

*Referee:* Uh huh.

*Mrs. Allen:* ... that's this year, this ... fall semester. So, he didn't put me in writing or none of us agreed that I'd come to work. I just wanted to know what's ... what's the job.... [Emphasis added].

As the state points out, "apparently the question in Judith Allen's mind was not whether she would be reemployed, but whether or not she wanted that employment due to the anticipated heavy work load."

We conclude, based on the foregoing, that substantial evidence supports the Department of Labor's finding that Allen had a reasonable assurance of reemployment and thus was ineligible for unemployment compensation.

The judgment is AFFIRMED.

CONNOR, J., not participating.